IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JORGE FELIX EXIDORO ROMERO,

        Petitioner,

v.                                                          CIV 06-0990 MV/KBM

STANLEY MOYA, Warden, et al.,

        Respondents.

## **PROPOSED FINDINGS & RECOMMENDED DISPOSITION**

        This matter is before the Court on Jorge Romero's petition for a writ of habeas corpus under 28 U.S.C. § 2254, his motion for appointment of counsel, Respondents' motions to dismiss the petition as time-barred and on the merits, and Respondents' motion to strike the New Mexico Attorney General as a named respondent.  *See Docs. 1, 10, 11, 15, 17.*

        Because he filed after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), its standards apply to this case.  *E.g., Michael Williams v. Taylor,* 529 U.S. 420, 429 (2000); *Lindh v. Murphy,* 521 U.S. 320, 326-327 (1997). All of the issues can be resolved on the record and, therefore, an evidentiary hearing is unnecessary.  *E.g., Trice v. Ward,* 196 F.3d 1151, 1159 (10th Cir. 1999), *cert. denied,* 531 U.S. 835 (2000); Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts.  I recommend that the petition be dismissed on the merits.

## I.  Motion To Strike

As I have held twice before:

> The Attorney General is named as an "Additional Respondent" by virtue of the form this Court provides for habeas petitions under § 2254. The form leaves blanks in a pre-printed format for the prisoner to insert his or her name, the name of the warden or person having custody of him or her, and the state of the Attorney General.  This format mirrors the format of the form that follows the Rules Governing Section 2254 Cases in the United States District Courts.
>
>   It is true the Attorney General is not required to be named as a respondent when the inmate is presently in custody. "[L]ongstanding practice confirms that in habeas challenges to present physical confinement – "core challenges" – the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.  *Rumsfield v. Padilla,* 542 U.S. 426, 435 (2004) (and cases cited therein); *see also Rule 2(a)-(b),* Rules Governing Section 2254 Cases in the United States District Courts. On the other hand, "only in the most formal sense does [the warden] control whether [petitioner] is released." *Dunn v. United States Parole Comm'n*, 818 F.2d 742, 744 (10th Cir. 1987).
>
>   The decision to name the Attorney General as an additional respondent was a practical consideration, given the Court's understanding that the Attorney General is the office that responds to the state habeas petitions.  Thus, naming the Attorney General at the outset ensures that the materials are forwarded directly to that office and avoids unnecessary delay in a processing the case.  In the absence of any showing that the Attorney General is not the office that responds, and since I have found no binding authority that this practical consideration cannot stand, I deny the request. *Cf. Konya v. Meyers,* 2004 WL 1171730 at * 4, n.18 (E.D. Pa. 2004) (court form automatically names Attorney

> General of Pennsylvania and District Attorney as well as custodian, confusion over whether Attorney General or District Attorney would respond followed by motion to strike them after the response was filed; court granted motion but noted that "it was not clear that, under caselaw in the Third Circuit, Rule 2(a) [of the habeas rules] **prohibits** the inclusion of the District Attorney and the Attorney General as respondents . . . especially where the Attorney General specifically indicated an interest in filing an opposing response to the habeas petition.") (emphasis original).

*Sims v. Romero,* CIV 06-646 JB/KBM (Doc. 16, order on motion); *see also Davis v. Kane,* CIV 06-737 WJ/KBM (Doc. 15) (same). For the same reasons, I recommend that Respondents' motion in this case as well.

## II.  Moot Motion

I also note that Respondents' first motion to dismiss was filed in error and, as such, recommend that it be denied as moot. *See Docs. 11, 14.*

## III.  Corrected Motion To Dismiss

In his federal petition, Romero asserts that his sentence is illegal because

> [t]he judge gave me credit for half of the time that I was a prisoner in the county jail but this sentence that he gave me is illegal. I wrote a letter telling him that I had violated my probation because I was using drugs and the[n] he gave me 60 days of evaluation but I didn't know that I had terminated my probation until the lawyer Sophie Cooper told me I am wrongly sentenced. They are doing this because I am Cuba and this in not good law.

*Doc. 1* at 6.

### A.  Timeliness

Pursuant to 28 U.S.C. § 2244(d)(1), the AEDPA one-year limitations period

commences "from the latest" of four possible time periods, only one of which is implicated here – the date the state conviction became "final." The statute defines the "date on which the judgment became final" as "the conclusion of direct review or the expiration of the time for seeking such review." *Id.,* § 2244(d)(1)(A). Respondents move to dismiss on timeliness grounds, but I cannot ascertain all of the potential tolling periods from the present record. *See Doc. 16* at 2-4.

Romero is challenging a "nine-year" sentence imposed in the drug trafficking conviction "CR2002-2281." The original suspended sentence was revoked in 2003 for the probation violation of failing to report, and the sentence he received in June 2003 was again largely suspended. He received a term of 182 days incarceration followed by probation and a "Community Custody Program." *See Doc. 13,* Exhs. A-F.[1] In November 2004, probation violations for reckless driving, eluding, concealing identity, and domestic violence led to another probation revocation, a sentence of 1825 days, followed by probation. *See Exhs. G-J.*

Romero states that the "judgment" he is challenging was entered on December 15, 2005, which is the same date that the state court entered an amended order ruling on his state habeas petition. *See Doc. 1* at 2-3. Respondents' Answer attaches documents from state post-judgment proceedings captioned "CR2002-2281," where Romero proceeded *pro se.* However, this documentation reveals that the New Mexico Supreme Court denied certiorari on state post-conviction proceedings ***before*** the

---

[1] Unless otherwise noted, all citations to "exhibits" are those attached to Respondents' Answer. *See Doc. 13.*

4

district judge entered the amended order that Defendant wants to challenge. *See Exhs. P, Q.*

Evidently, after the denial of certiorari, the state district judge *sua sponte* reevaluated his prior ruling that the New Mexico Supreme Court had declined to review. *Exh. O* at ¶ 1. His December 2005 amended decision discussed in detail whether the prior judgments entered in November 2004 and June 2003 were confusing and incorrectly computed. The 2005 amended decision again denied relief as to the November 2004 order computations. However, the state district judge did find that the June 2003 judgment contained a "clerical" mistake. He therefore ordered that judgment "be incorporated herein by reference and is hereby corrected . . . to omit the phrase related to 'unsatisfactory discharge' of probation in its entirety." *Id.,* ¶ 10.

From the parts of documents attached by Romero to his federal petition, I suspect that the judge reassessed his position because of arguments raised by Romero's attorney in a separate but related criminal case – "CR2004-4915." The judge's discussion in the December 2005 amended order appears to address counsel's reasons for characterizing these judgments as "confusing." *See id.,* ¶¶ 3, 9, 10.[2]

---

[2] Petitioner was charged with a July 2003 "Escape from a Community Custody Release Program" in "CR2004-4915," a requirement imposed by the June 2003 judgment in "CR2002-2281." Assistant Public Defender Sophie Cooper represented Petitioner in the escape case and asked that it be dismissed because the judgments in the first case were confusing, and although people on probation or parole are statutorily excluded from such escape charges, the grand jury was not so instructed. I do not have her entire brief, but it appears that she alternatively argued that since the first revocation of probation indicated a sentence with "unsatisfactory discharge" of probation, there would have been no jurisdiction for filing the second petition to revoke probation since it had been terminated unsatisfactorily. Thus, she contended that the lack of clarity in the June 2003 judgment led to a mistaken escape charge. Also attached to the federal petition is an undated prisoner grievance referencing a letter Romero sent to the judge that incorporated his attorney's point in the other case. This

Respondents have not supplied any amended judgment entered pursuant to the state judge's decision, nor have they submitted any other documentation showing what happened after the December 2005 decision. Petitioner indicates that he did appeal to the New Mexico Supreme Court, and that the appeal was denied. *See Doc. 1* at 3-4. Under these circumstances, I cannot ascertain whether the federal petition, filed October 12, 2006, is timely. Therefore, I recommend that the motion to dismiss on the ground of untimeliness be denied.

### *B. Merits & Exhaustion*

Romero seems to argue that the June 2003, or perhaps the November 2004, sentence was "illegal" because of the way the state judge calculated credits for presentence confinement and time served on probation. Such claims are errors of state law and are not cognizable in federal habeas where, as here, Romero has not argued or shown that the orignial sentence for trafficking drugs was unauthorized by law or that he was sentenced beyond the statutory limits. *E.g., Dennis v. Poppel,* 222 F.3d 1245, 1258 (10th Cir. 2000), *cert. denied,* 534 U.S. 887 (2001). As the Tenth Circuit recently observed:

> Sentencing issues are state law questions and are generally not cognizable on federal habeas review unless it is shown the sentence is 'outside the statutory limits or unauthorized by law." *Dennis v. Poppel,* . . . ; *Hawkins v. Hargett,* 200 F.3d 1279, 1281 (10th Cir. 1999). Mr. Lynch does not challenge that his original sentences were within the

---

document is undated, and the letter he references is not in the file. Ultimately, counsel was unsuccessful in getting the escape charge overturned and, after a guilty plea, Romero received a 364 day sentence to run "concurrent to sentence imposed in CR-2004(sic) 2881." *See Doc. 13,* Exh. E; *Doc. 1* (attachments).

> statutory range. Upon revocation, Mr. Lynch was to serve all four sentences concurrently, amounting to a total of only fifteen years on a potential fifty-five year sentence. Mr. Lynch has failed to show why this sentence is unauthorized by law or outside the statutory limits. The burden is Mr. Lynch's. *See Dennis,* 222 F.3d at 1258. In addition, we do not find Mr. Lynch's sentence grossly disproportionate in relation to his crimes. *See Hawkins,* 200 F.3d at 1282. The fact that the court reinstated his original sentence as the result of a revocation does not amount to a violation of a constitutional right.

*Lynch v. O'Dell,* 163 Fed. Appx. 704, 707 (10th Cir. 2006). Therefore, I recommend that the § 2254 petition be dismissed with prejudice.

Alternatively, I note that Respondents' motion to dismiss asserts without any explanation that the one federal claim "containing three subparts" has not been entirely exhausted. *Doc. 16* at 6. I think that Petitioner's claim is based on the arguments his attorney raised concerning the June 2003 and November 2004 judgments, which the judge entertained in his December 2005 opinion. Again, Petitioner asserts that he appealed to the New Mexico Supreme Court and is not contradicted by Respondents' submissions. Accordingly, to the extent that the § 2254 petition is based on "CR2002-2881," I recommend that the motion be denied on exhaustion grounds. If, however, I am mistaken, and Romero is challenging his conviction of the escape charges in "CR2004-4915" for the reasons cited by Ms. Cooper in that case, I recommend that the motion be granted. Nothing in any submission by Petitioner shows that he pursued state remedies as to that conviction. *See, supra,* Part III.A & n.2.

## IV.  Motion For Appointment Of Counsel

Ordinarily, there is no reason to appoint counsel unless the case has reached

the stage of the proceedings where an evidentiary hearing is required.  *See e.g., Swazo v. Wyoming Dept. of Corrections,* 23 F.3d 332 (10th Cir. 1994) (§ 2254 case). Based on my above recommendations, this case will not reach that stage.  Accordingly, appointment of counsel is not warranted, and the motion is properly denied.

Wherefore,

**IT IS HEREBY RECOMMENDED** that Respondent's motion to strike the Attorney General as a named respondent *(Doc. 10)* be DENIED.

**IT IS FURTHER RECOMMENDED** that Respondent's motion to dismiss *(Doc. 15)* be GRANTED IN PART, and the § 2254 petition challenging the state conviction in "CR2002-2281" *(Doc. 1)* be dismissed with prejudice; alternatively, if the objections reveal that the § 2254 petition is challenging the state conviction in "CR2004-4915," then the petition be dismissed without prejudice for failure to exhaust.

**IT IS FINALLY RECOMMENDED** that Petitioner's motion for appointment of counsel *(Doc. 17)* be DENIED.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 30 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636 (b)(1).  A party must file any objections with the Clerk of the District Court within the thirty-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.

_____
UNITED STATES MAGISTRATE JUDGE